**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3515-L** |
| | § | |
| **VELMA BUCKLEY,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed March 6, 2017. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on December 28, 2016, against Velma Buckley ("Defendant" or "Buckley"). This action arises from the failure of Buckley to make the required payments on a loan she obtained on September 7, 2005, for Federal Emergency Management Agency assistance as an uninsured renter with personal property damages at her residence caused by Hurricane Katrina. Defendant received $10,391.51 in personal property assistance, and these funds were duplicate benefits of personal property assistance received by the head of household at the same residence.

Because Defendant received benefits from a federal agency for a major disaster and such benefits were duplicative of benefits available from another source, after application of all relevant credits, Defendant is liable to the United States for the duplicate benefits of $2,847.48 received. *See* 42 U.S.C. § 5155(c).

**Memorandum Opinion and Order – Page 1**

Buckley was served with a copy of the summons and Complaint on January 23, 2017. She was required to answer or otherwise respond to the Complaint by February 13, 2017, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Buckley has not answered or otherwise responded to the Complaint.

On February 20, 2017, the United States requested the clerk of court to enter a default against Buckley, and the clerk made an entry of default against Buckley on February 21, 2017. Plaintiff now requests the court to enter a default judgment against Buckley and award it damages and applicable interest as a result of her default.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Buckley. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Buckley, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Buckley is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Buckley owed the United States as of November 17, 2016, was $3,980.88 ($2,847.48 in principal; $17.55 in interest; $105.32 in penalty charges;

**Memorandum Opinion and Order – Page 2**

$891.11 Dispatch Messaging System fees; and $119.42 in Department of Justice fees).  Interest accrues on the principal at the rate of $0.08 per day.  The number of days from November 17, 2016, to March 23, 2017, is 126, which results in additional interest in the amount of $10.08.  Therefore, the total amount of judgment to which the United States is entitled is **$3,990.96.**

**III.    Conclusion**

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$3,990.96**.  The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 23rd day of March, 2017.

Sam A. Lindsay
United States District Judge